UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

JAN 1 4 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
|  | ) (Under Seal) |
| REAL PROPERTY LOCATED AT 3284 N STREET N.W., WASHINGTON, D.C. 20007, | ) |
| Defendant. | ) |

Case: 1:15-cv-00058
Assigned To : Jackson, Amy Berman
Assign. Date : 1/14/2015
Description: General Civil(Other)

## MEMORANDUM ORDER

The government moves for permission to file under seal a
Verified Complaint for Forfeiture in Rem ("Complaint") and
related documents.  The motion to seal, of course, implicates
the public right of access to judicial proceedings and to
judicial records.  The government argues that its request is
supported by proper consideration of factors articulated in
Washington Post v. Robinson, 935 F.2d 282 (D.C. Cir. 1991).  An
initial question is whether the motion to seal should instead be
evaluated under the factors articulated in United States v.
Hubbard, 650 F.2d 293 (D.C. Cir. 1980).

The identification of the judicial proceedings and records
to which there is a public right of access has taken interesting
turns.  The common law predating the Constitution recognized a

2

general public interest in monitoring government agencies and furthering judicial accountability.  See S.E.C. v. Am. Int'l Grp., 712 F.3d 1, 5 (D.C. Cir. 2013); United States v. El-Sayegh, 131 F.3d 158, 161 (D.C. Cir. 1997).  The First Amendment incorporated that interest when the Constitution was adopted, Am. Int'l Grp., 712 F.3d at 5, although the common law right to judicial records has been described as "broader, but weaker" than the right under the First Amendment.  El-Sayegh, 131 F.3d at 160.

"[T]he First Amendment protects public access to an aspect of court proceedings if such access has historically been available, and serves an important function of monitoring prosecutorial or judicial misconduct."  Washington Post, 935 F.2d at 288.  There is a qualified presumptive right under the First Amendment of public access in criminal proceedings to preliminary hearings, Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cnty., 478 U.S. 1, 13 (1986), the voir dire of the prospective jury, Press-Enter. Co. v. Super. Ct. of Cal., Riverside Cnty., 464 U.S. 501, 511 (1984), and to plea agreements underlying guilty pleas, Washington Post, 935 F.2d at 288.  Restrictions on such access must further compelling governmental interests and be narrowly tailored to serve those interests.  Washington Post, 935 F.2d at 290.  But history reflects no common law right of access to a plea agreement from

Case 1:15-cv-00058-ABJ   Document 2   Filed 01/14/15   Page 3 of 8

-3-

which a defendant withdraws without pleading guilty since it is
unrelated to any judicial act for which the public can hold a
court accountable.  See El-Sayegh, 131 F.3d at 163.  Nor is
there a First Amendment right of access to a plea agreement
attached to a sealed motion to seal the agreement since access
to plea agreements attached to docketed sealed motions to seal
the agreement has not historically been available.  Id. at 161.

The D.C. Circuit has also expressed doubt as to whether the
First Amendment right of access applies to anything beyond
criminal judicial proceedings.  See Am. Int'l Grp., 712 F.3d at
5 (citing Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice,
331 F.3d 918, 935 (D.C. Cir. 2003)).  Although civil forfeiture
laws date back to the colonial period, United States v. 92 Buena
Vista Ave., 507 U.S. 111, 118-20 (1993), it is not clear under
current circuit precedent whether there is a First Amendment
right of public access to complaints for civil forfeiture
actions in rem, related documents, and resulting orders.  This
is of particular concern where, as here, the motion reveals
matters under investigation by the grand jury.  It is well
settled that there is no presumption of public access to grand
jury proceedings or to ancillary materials dealing with grand
jury matters.  See, e.g., In re Grand Jury Proceedings, Judith
Miller, 493 F.3d 152, 154 (D.C. Cir. 2007) ("Although public
access plays an important role in other aspects of the judicial

process, 'there is no First Amendment right of access to grand jury proceedings,' nor do First Amendment protections extend to ancillary materials dealing with grand jury matters[.]" (quoting In re Motions of Dow Jones & Co., 142 F.3d 496, 499 (D.C. Cir. 1998))); In re Sealed Case, 199 F.3d 522, 526 (D.C. Cir. 2000) ("There is a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm."); Dow Jones, 142 F.3d at 504 ("Although some have identified a common law tradition of public access to criminal trials, this never extended to preindictment, pretrial proceedings involving a grand jury.").

Where there is a common law right of public access to judicial records, the D.C. Circuit applies a multi-factor test to evaluate motions to seal such records.  United States v. Hubbard, 650 F.2d at 317-22, identified six factors that may be sufficient to overcome the "'strong presumption in favor of public access to judicial proceedings'" and judicial records. E.E.O.C. v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting Johnson v. Greater Se. Cmty Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  Under Hubbard, in reviewing motions to seal records, courts are required to weigh the following factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to

disclosure, and the identity of that person; (4) the
strength of any property and privacy interests
asserted; (5) the possibility of prejudice to those
opposing disclosure; and (6) the purposes for which
the documents were introduced during the judicial
proceedings.

Hubbard, 650 F.2d at 317-22.  The government's instant motion to
seal will be evaluated under the test set forth in Hubbard,
which may be applied where there is a common law right of public
access to judicial records.

Here, the first Hubbard factor weighs in favor of granting
the motion to seal because the Complaint reveals details about
an ongoing grand jury investigation, and there is no need for
public access to ancillary records relating to confidential
grand jury proceedings.  See Fed. R. Crim. P. 6(e)(2)
(prohibiting disclosure of any "matter occurring before the
grand jury") and 6(e)(6) (stating that "[r]ecords . . . relating
to grand jury proceedings must be kept under seal to the extent
and as long as necessary to prevent the unauthorized disclosure
of a matter occurring before a grand jury."); Judith Miller, 493
F.3d at 154 (stating that no "First Amendment protections extend
to ancillary materials dealing with grand jury matters."); Dow
Jones, 142 F.3d at 502.  Nor has there been any judicial
decision based upon the documents offered here for sealing where
public scrutiny of such a judicial act would be implicated.  See
Nat'l Children's Ctr., 98 F.3d at 1409.  Regarding the second

Hubbard factor, the government asserts that the Complaint has
not yet entered the public domain and thus, the second factor
also weighs in favor of granting the motion to seal.  Under the
third and fourth Hubbard factors, a court must consider whether
a party objects to disclosure and the identity of that party, as
well as the strength of the generalized property and privacy
interests asserted.  Hubbard, 650 F.2d at 319-20.  Here, the
government objects to public disclosure for the legitimate
reason of maintaining the secrecy of grand jury proceedings.
The government has a strong interest in protecting from public
disclosure details regarding an ongoing grand jury
investigation.  Accordingly, the government's objection based on
its strong privacy interest in protecting grand jury materials
weighs in favor of granting the motion to seal.  The fifth
Hubbard factor weighs in favor of sealing the documents because
public disclosure could compromise the government's ongoing
criminal investigation.  Public disclosure of the Complaint and
related court filings would alert the property owner -- the
target of the government's investigation -- to the fact that his
property is the subject of a civil forfeiture action and could
prompt the target to sell, transfer, or otherwise dispose of the
defendant property before the government is able to secure its
lawful interest in it.  Finally, the sixth Hubbard factor weighs
in favor of sealing because court filings at issue here have not

yet been offered in any court proceeding, or relied on by any court in making a decision, but rather are ancillary records that relate to an ongoing, confidential grand jury investigation.  In light of the representations made in the government's motion to seal and the factors set forth in Hubbard, it is hereby

ORDERED that the Clerk of the Court place and maintain under seal, until further court order, the Complaint, the accompanying Warrant of Arrest in Rem, the Return on the Warrant of Arrest in Rem, the proposed order attached to the government's motion, and this Order.  It is further

ORDERED that the government is authorized to disclose any of the above-listed documents in order to comply with any discovery, Giglio, or Brady obligations in any criminal case. It is further

ORDERED that the government is authorized to (a) disclose the existence of the Complaint in order to obtain a lis pendens; (b) provide copies of any issued Warrants of Arrest to assist in obtaining a lis pendens; and (c) provide copies of the Complaint to potential claimants in order to comply with Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4).

SIGNED this ⸻ 8th ⸻ day of January, 2015.


RICHARD W. ROBERTS
Chief Judge